# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Morris King, | ) CIVIL ACTION NO. 9:10-0976-CMC-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Ken Williams, Administrator; | ) |
| W. T. Johnson, Director; and | ) |
| Robin Cross, Kitchen Supervisor, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Marion County Detention Center[1], alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 29, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 30, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

---

[1] Plaintiff is no longer an inmate at the Detention Center. See Court Docket No. 20 [Change of Address Notice].



Plaintiff thereafter filed a memorandum in opposition to summary judgment on October 27, 2010. Defendants' motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that during his intake screening on January 6, 2010 he told an officer "Lisa" that he had a religious diet and could not eat pork. Plaintiff alleges, however, that on March 8, 2010 he found pork in his food. Plaintiff alleges he complained to Unit Officers "Derk and Ford", but that on March 29, 2010 he found pork in his food again. Plaintiff alleges that he was advised that his pork issues were "not legit" because the institution did not serve pork. Plaintiff alleges, however, that he showed Officers "Woodberry and Legette" the pork, and that as a result Woodberry logged it in the log book. Plaintiff also alleges that Legette told him "if you don't eat it, then just don't eat it." Plaintiff alleges that he was served pork again on April 5, 2010, following which he filed a grievance. Plaintiff alleges that after he filed his grievance, the authorities began to label his tray with a "no pork and bean label," which proves that the institution knew it was serving pork.

Plaintiff further alleges that a "Captain Mullins" will not allow Muslim inmates to have holy Korans if they are hard back, even though the Department of Corrections policy states that

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



the rule concerning hard back books does not apply to religious books. Plaintiff also complains that the Marion County Detention Center does not have a Muslim chaplain.

Plaintiff also alleges that he has been diagnosed with hip displacia, and that every now and then his hip gives away. Plaintiff alleges that this happened on April 1, 2010 in the bathroom, but there was nothing there to prevent him from falling to the floor. Plaintiff complains that the jail is not handicapped equipped. Plaintiff makes further complaints about the conditions of the jail, including that there are no water fountains in the housing units, that the toilet seats are broken and not replaced, and that proper cleaning agents are not used and the jail is generally unsanitary and unsafe. Plaintiff also complains that the staff at the jail is unprofessional and does not follow a code of conduct, that officers eat food from the kitchen that should be going to the prisoners, and that the Defendant Johnson (Director of the Institution) carries a taser gun in the housing units and threatens and frightens inmates with this taser gun. Plaintiff seeks injunctive and/or declaratory relief, as well as monetary damages. See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant Robin Cross has submitted an affidavit wherein she attests that she is the kitchen supervisor at the Marion County Detention Center. Cross attests that the Detention Center has a Medical Receiving Screening Form that is completed upon intake at the facility, which includes a question as to whether an inmate is allergic to any food. Cross attests that Plaintiff's form indicates that he is allergic to pork, and that she received a copy of this form as well as verbal notification from "Nurse Ammons" that Plaintiff was to be placed on a special diet which includes no pork. Cross further attests that after Plaintiff filed a grievance concerning this matter, she immediately received a notice from the Defendant Johnson that Plaintiff was to be placed on a specialized non-pork diet if he was not already. Cross attests that



at the time she received this notification, Plaintiff was already on a special diet and not receiving food containing pork from the kitchen.

Cross attests that, in the past, when pork and beans was on the menu, inmates would also receive turkey hotdogs, buns, fruit and chips on their tray. However, pork and beans has now been replaced by navy beans, so no pork products are currently being served at the Detention Center. Cross also attests that, with respect to Plaintiff's claim that officers are treated differently than the inmates with regard to food service, that if officers choose to eat from the Detention Center kitchen, they receive the same meals and portions as the inmates. See generally, Cross Affidavit.

The Defendants have also submitted an affidavit from Mary Ammons, who attests that she is the nurse at the Detention Center. Ammons has attached to her affidavit as Exhibit A the Medical Receiving Screening Form received by the Plaintiff upon his intake, which was completed and signed by the Plaintiff. Ammons attests that while Plaintiff's complaint alleges that the Detention Center deliberately served him pork, his complaint is devoid of any allegation that he suffered health problems that he attributes to being served pork, and Plaintiff's medical records are completely devoid of any encounters where Plaintiff expressed complaints of physical problems that he believed to be associated with digesting pork. Ammons attests that Plaintiff's medical records also reflect that he was seen by the medical staff on several occasions, and that at no time did he report any illnesses to the medical staff.

With respect to Plaintiff's complaints about the conditions of his confinement, Ammons attests that Plaintiff's medicals records are completely devoid of any encounters where Plaintiff expressed complaints of physical problems that he believe to be associated with the conditions at the Detention Center, including access to cleaning supplies, water fountains,



unprofessional conduct, or handicapped accessible units. Ammons attests that the Detention Center does provide handicapped accessible units for inmates who meet certain criteria, which Plaintiff does not. Ammons attests that while Plaintiff has a problem with hip dysplasia and receives medication for such, he does not meet the criteria for handicapped support, nor has he requested the use of any handicapped equipment or facility. With respect to Plaintiff's complaint that he fell in the bathroom on April 1, 2010 because there was nothing to hold on to, Ammons attests that Plaintiff's medical records are devoid of any encounter where he complained of being injured from falling as a result of not having handicapped accessible units or equipment. Further, Plaintiff has not been prescribed to use, and does not use, a cane, wheelchair or any other device to provide assistance while walking, nor has Plaintiff requested the use of such assistance. See generally, Ammons Affidavit, with attached Exhibit.

Finally, the Defendants have provided an affidavit from Bernice Williams, who attests that she is the support supervisor at the Detention Center. Williams attests that her duties include the oversight and administration of inmates incarcerated at the facility. Williams attests that with regard to Plaintiff's allegation that inmates are not allow to have holy Korans because they are hard backed, the Detention Center policy applies to all books and no hard backs are allowed in the facility. Williams further attests that all housing units are cleaned with bleach and other materials to clean and fight bacteria, and that with respect to Plaintiff's allegation regarding no water fountains in the housing unit, that all inmates are provided fresh ice water from a sanitary water cooler. Williams further attests that all toilet seats are replaced once the Detention Center is made aware that they have been broken, that all Detention Center officers are trained to interact with inmates and handle disciplinary issues as they arise, and that the Defendant Johnson is licensed to carry a taser gun at the



facility. Williams further attests that the taser gun would only be used if necessary, and that Plaintiff has failed to cite any specific instances when the taser gun was used on him. See generally, Williams Affidavit.

The Plaintiff did not provide any evidentiary exhibits as attachments to his memorandum opposing the Defendant's motion for summary judgment.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.



**I.**

First, since Plaintiff is no longer incarcerated at the Detention Center, to the extent he is seeking injunctive and/or declaratory relief, his claims are moot. Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248-249 (4th Cir. 2005)[holding that former detainee's request for injunctive relief was moot]; Taggart v. Oklahoma, 74 Fed.Appx. 880, 882 (10th Cir. 2003)[inmate's claims concerning his medical needs against prison officials for injunctive relief were rendered moot by his release]; LaFlame v. Montgomery County Sheriff's Dep't., 3 Fed.Appx. 346 at * * 1 (6th Cir. Jan. 31, 2003)[same].

Plaintiff's claims for monetary damages survive his release from the Detention Center; see Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976); and as public officials, the Defendants are all subject to suit for damages in their individual capacities in a § 1983 lawsuit. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186, 1187 (4th Cir. 1991). However, for the reasons set forth hereinbelow, the undersigned does not find that the evidence is sufficient to create a genuine issue of fact as to whether any named Defendant has violated Plaintiff's constitutional rights.

**II.**

Initially, it must be pointed out that only the Defendant Johnson is mentioned in the Complaint, and that is with respect to Plaintiff's claim that he carries a taser gun. Neither of the other two Defendants named in the caption of Plaintiff's Complaint are even mentioned in the text of the Complaint. Further, while Bernice Williams has submitted an affidavit wherein she attests that she oversaw the administration of the facility, and Cross has submitted an affidavit indicating that she was the kitchen supervisor, thereby possibly bringing them within the parameters of Plaintiff's

7



allegations (although Bernice Williams is not even named as a Defendant), there is no indication that the Defendant Ken Williams was present or had anything to do with any of the events set forth in the Complaint. While Ken Williams, as (alleged) administrator of the institution, could be deemed to be Bernice Williams and Cross' boss, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions; Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977); and unless a Plaintiff alleges specific wrongdoing on the part of a named Defendant, that Defendant may not be held liable for the acts of others. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubby v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992). Therefore, Ken Williams would be entitled to dismissal as a party Defendant even if the case were otherwise to proceed against Johnson and Cross.

### III.

With respect to Plaintiff's complaints about the food service, he has provided no evidence whatsoever to support the general and conclusory claim that the food service itself, or the actual food that he received, in any way violated his constitutional rights or resulted in any condition which would entitle him to monetary damages. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. Conversely, the Defendants have provided a sworn affidavit from the kitchen supervisor attesting to the procedures used at the jail, which evidence notes that even if Plaintiff had received pork and beans on his plate on a few occasions while he was incarcerated at the jail, he would have also received other food as part of the meal to include turkey hotdogs, buns, fruit, and chips. Cf. Abernathy v. Cunningham, 393

8



F.2d 775, 778 (4th Cir. 1968) [officials need not provide a special religious diet if the inmate can maintain an adequate diet by choosing items from the available menu that do not offend his sincere beliefs]. In any event, Plaintiff does not allege that he ever even consumed any pork, nor is there any evidence to show that Plaintiff suffered any injury from having consumed pork. This claim is patently without merit. Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009)[For diet claim, prisoner must show Defendant was deliberately indifferent to an objectively serious risk of harm and that the Defendants knew about it and could have prevented it but did not]; Bailey v. Kitchen, No. 08-141, 2009 WL 102534, at * 3 (D.S.C. Jan. 12, 2009)["Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents"]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Tafari v. Weinstock, No. 07-693, 2010 WL 3420424 at * 7 (W.D.N.Y. Aug. 27, 2010)["[T]o establish a valid claim that the denial of food (or the denial of a medically proscribed diet) constitutes [a constitutional] violation, one must establish that there was a 'sufficiently serious condition' that resulted from the food not being received."].

## IV.

Plaintiff's complaint about the Koran also fails to set forth a constitutional violation. Plaintiff does not even allege that he was denied access to a Koran; rather, he only complains that he was not allowed to have a "hard back" copy. The Court can discern no constitutional violation in Plaintiff being provided with only soft back copies of the Koran, as opposed to hard backed copies, particularly in light of the Defendants' evidence showing that this was not a restriction applied solely to religious publications. Rather, the prohibition on hard backed publications applies to *all*



publications at the jail. Williams Affidavit, ¶ 5. This claim is also patently without merit. Shelton v. El Paso County, No. 08-26, 2010 WL 3503511 at * * 6-7 (W.D.Tex. Sept. 1, 2010)[citing cases where bans on hard cover books (even religious ones) were upheld when soft cover books were permitted].

**V.**

With respect to the remainder of Plaintiff's claims, as a pre-trial detainee during the time period set forth in the Complaint, Plaintiff's claims are evaluated under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment (which is used to evaluate conditions of confinement for those convicted of crimes). See Bell v. Wolfish, 441 U.S. 520, 535 (1979). However, the underlying standard is essentially the same. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the Fourteenth Amendment guarantees at least Eighth Amendment protections]. In any event, Plaintiff's general and conclusory allegations about the conditions at the jail are not sufficient to give rise to a genuine issue of fact as to whether any of his constitutional rights were violated.

During the time period set forth in the Complaint, Plaintiff was a prisoner in a county jail facility, not a hotel, and it should be expected that conditions in such a setting are often times less than ideal. Cf. Hadley v. Peters, No. 94-1207, 1995 WL 675990 *8 (7th Cir. 1995), cert. denied, 116 S.Ct. 1333 (1996) ["prisons are not required to provide and prisoners cannot expect the services of a good hotel."] (quoting Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988)); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)["Deliberate indifference is a very high standard - a showing of mere negligence will not meet it."]; Kidwell v. Buchanan, No. 93-15056, 1993 WL 230224 at **1 (9th Cir. June 29, 1993) [Where temporary restriction of amenities was found not to be cruel and unusual



punishment]. Plaintiff has failed to allege any remedial injury as a result of any of the conditions of which he complains, nor has he set forth any facts or evidence to establish that Johnson carrying a taser gun or any "code of conduct" problems experienced with correctional officers resulted in any violation of his constitutional rights. Cf. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) ["In the context of a conditions-of-confinement claim, to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions', or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions"]; Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

These remaining claims should therefore be dismissed. Cf. Wilson v. Cook County Bd. of Commissioners, 878 F.Supp. 1163, 1167-1168 (N.D.Ill. 1995) [pretrial detainee failed to establish that conditions in detention facility violated his due process rights where detainee failed to allege remedial injury]; see also Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"]; Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"]; cf. Beverati v. Smith, 120 F.3d 500, 504 and n. 4 (4th Cir. 1997) [accepting Plaintiff's allegations for purposes of summary judgment that cells were unbearably hot, infested with vermin, smeared with human feces and urine, flooded with water from a leaky toilet above, and where food provided was cold and provided in smaller portions, but holding that such conditions were not "so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life."]; Harris



v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988)[prisoner deprived of toilet paper, soap, toothpaste and toothbrush while kept in filthy, roach infested cell suffered no punishment when no physical harm resulted].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted,** and that this case be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 16, 2011

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



13