IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Morris King, | ) Civil Action No. 9:10-0976-RMG -BM |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Ken Williams, Administrator; W.T. Johnson, Director; and Robin Cross, Kitchen Supervisor, | ) |
| Defendants. | ) |

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983. As a result, the case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Magistrate recommended granting Defendant's motion for summary judgment. (Dkt. No. 27). Plaintiff failed to object to the Magistrate Judge's Report and Recommendation. As shown herein, this Court has reviewed the Record for clear errors of law and agrees with the Magistrate's report and adopts it as the Order of this Court.

**Discussion**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept,

1

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

This Court has reviewed the Record for clear errors of law and found none. Summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. For the reasons further explained below, this Court finds that the Defendants are entitled to summary judgment and dismisses this case.

Plaintiff's claims for injunctive and/or declaratory relief are moot because he is no longer imprisoned at the Detention Center. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248-249 (4th Cir. 2005)(holding that former detainee's request for injunctive relief was moot). Further, the evidence in this matter is not sufficient to create a genuine issue of fact as to whether any named defendant violated Plaintiff's constitutional rights. Only Defendant Johnson is even mentioned in the Complaint. The Complaint makes no specific references to Robin Cross, the kitchen supervisor, or Ken Williams, the prison administrator. There is no evidence that Mr. Williams oversaw any of the events alleged in the Complaint and the doctrines of vicarious liability and respondent superior do not apply in §1983 cases. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & n. 5-6 (4th Cir. 1977). Furthermore, unless a Plaintiff alleges specific wrongdoing on the part of a named Defendant, that Defendant may not be held liable for the acts of others. *Monell v. Dep't of Social Servs*, 436 U.S. 658, 694 (1978); *Wetherington v. Phillips*, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); *Stubby v. Hunter*, 806 F.Supp. 81, 82-83 (D.S.C. 1992). Thus, Ken Williams is entitled to dismissal as a Defendant even if the case would otherwise proceed against Defendants Johnson and Cross.

Plaintiff has not provided any evidence to support his claim that the food service, or the food he received, violated his constitutional rights or caused any condition which would entitle him to monetary damages. *House v. New Castle County*, 824 F.Supp. 477, 485 (D.Md. 1993) (Plaintiff's conclusory allegations insufficient to maintain claim). The Defendants, however, have provided a sworn affidavit from the kitchen supervisor which explains that even if Plaintiff did receive pork in his meals, he would have also received other food such as turkey hotdogs, buns, fruit and chips as part of the meal. *Cf. Abernathy v. Cunningham*, 393 F.2d 775, 778 (4th Cir. 1968) (officials need not provide a special religious diet if the inmate can maintain an adequate diet by choosing items from the available menu that do not offend his sincere beliefs). Further, the Plaintiff never alleged that he consumed any pork or provided evidence of any injury resulting from consuming pork. Accordingly, this claim is without merit. *See Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)(For a diet claim, prisoner must show Defendant was deliberately indifferent to an objectively serious risk of harm and that the Defendants knew about it and could have prevented it but did not). This Court also finds that requiring the Plaintiff to use a soft back copy of the Koran does not violate his constitutional rights because the restriction is applied to all books at the jail, not just religious publications. (Dkt. No. 21-4, ¶ 5). *Shelton v. El Paso County*, No. 08-26, 2010 WL 3503511 at **6-7 (W.D.Tex. Sept. 1, 2010) (citing cases where bans on hard cover books (even religious ones) were upheld when soft cover books were permitted).

The remainder of Plaintiff's claims concern the conditions of confinement and do not give rise to a genuine issue of fact as to whether any of his constitutional rights were violated. Plaintiff does not contend that any injury resulted from any of the prison

3

conditions he complained about, nor has he provided any evidence that his constitutional rights were violated by Defendant Johnson carrying a taser gun or by correctional officers' alleged "code of conduct" violations. *Cf. Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) ("In the context of a conditions-of-confinement claim, to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions', or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions"); *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

Accordingly, Defendants' motion for summary judgment is **granted** pursuant to Rule 56 of the Federal Rules of Civil Procedure and this case is **dismissed**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 14, 2011
Charleston, South Carolina